**Opinion issued September 22, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-21-00228-CR

## NO. 01-21-00229-CR

———————————

**NATHANIEL JONES III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 228th District Court
Harris County, Texas
Trial Court Case Nos. 1267896-B & 1267897-B

**MEMORANDUM OPINION**

Appellant Nathaniel Jones III contends that the trial court abused its discretion by failing to comply with the Rule 18(f) requirement of either granting a motion to recuse or referring a request to the presiding judge.[1]  We dismiss this appeal.

Jones was convicted of the offenses of murder and aggravated assault and was sentenced to 45 years' confinement for each conviction.  *See Jones v. State*, Nos. 01-10-00821-CR & 01-10-00822-CR, 2011 WL 4612655, at *1 (Tex. App.—Houston [1st Dist.] Oct. 6, 2011, pet. ref'd).  The clerk's record indicates that Jones filed a verified motion to recuse in these two trial court causes.  At the bottom of Jones' motion is the trial court's signature, with a handwritten ruling granting the motion, and a date of signing.

The State has filed a motion to dismiss these appeals on the ground that we lack jurisdiction.  The State claims that there is no right to appeal an order granting recusal and any attempt to appeal the failure to rule on a motion to recuse would be moot because the trial court has granted the motion.

Once a motion to recuse has been filed, a trial court must either recuse himself or refer the request to the presiding judgment to assign a judge to hear the motion.  *See* TEX. R. APP. P. 18a(f).  Here, the trial court entered a handwritten ruling at the

---

[1]  Jones also filed two petitions for writ of mandamus challenging the trial court's failure to enter an order of recusal.  These petitions were denied on November 5, 2021.  *See In re Jones*, Nos. 01-20-00676-CR & 01-20-00677-CR, 2020 WL 6493994, at *1 (Tex. App.—Houston [1st Dist.] Nov. 5, 2020, orig. proceeding) (mem. op.).

2

bottom of the recusal motion, granting the motion and signing his name on September 9, 2020. An order granting a motion to recuse is final and cannot be reviewed by appeal or mandamus. *See* TEX. R. CIV. P. 18a(j). Because Rule 18a(j) states that no appeal is permitted from a trial court's grant of a recusal motion, we lack jurisdiction over this appeal.

Accordingly, we grant the State's motion and dismiss this appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Rivas-Molloy, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).